I must respectfully dissent from the decision reached by the majority under appellant's second assignment of error.
During appellee's direct examination of the confidential informant, the prosecuting attorney asked the following questions:
 "Q. Did there ever come a time when you were living in West Virginia that you got into some trouble with the law enforcement departments over there?
"A. Not while I was living there, no, sir.
 "Q. When was it that you — or did you, in fact, get in trouble in West Virginia?
"A. Yes, sir.
"Q. And tell the jury what that trouble was.
"A. Selling drugs.
"Q. And were you arrested for that?
"A. In Cleveland, sir." (Tr. 56).
On cross-examination, defense counsel attempted to question the confidential informant regarding the "trouble" which was raised during direct examination as follows:
 "Q. You testified for the prosecutor a moment ago that you got in trouble in West Virginia, in Wheeling, in May of 1997?
 "A. Well, they arrested me while I was in Cleveland, April 24th of 1997.
"* * *
 "Q. * * * Mr. Gaither, have you been in trouble in Ohio?
"A. Yes, sir.
"Q. Where and what for"
 "MR. FLANAGAN: I'm going to object." (Tr. 76-78)
Subsequent to a bench conference, the trial court sustained appellee's objection and defense counsel was prohibited from cross-examining the confidential informant as to the "trouble" raised during direct examination. Defense counsel thereafter proffered evidence of the confidential informant's substantial criminal record and argued that instead of simply asking the informant if he had convictions under Evid.R. 609, the prosecuting attorney made reference to getting in "trouble" and being arrested, thereby opening the door to cross-examination on such issues as same reflected upon the confidential informant's credibility. (Tr. 143-144)
The majority in this case explains that defense counsel's cross-examination of the confidential informant would have been admissible if offered to show the informant's motive and bias. I find that eliciting testimony to establish the confidential informant's motive and bias was exactly the intention of defense counsel during the cross-examination in question.
Appellant contends that the credibility of the confidential informant was crucial to his defense of entrapment. I agree. Evid.R. 611(B) provides that "[c]ross-examination shall be permitted on all relevant matters and on matters affecting credibility." I further agree with the court in Rapp, supra,
wherein it was determined that "[t]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.
In Rapp, the defendant was convicted of trafficking marijuana following a jury trial. The State's case involved an undercover agent and a controlled drug buy. The defendant admitted to the sale of the marijuana and raised the defense of entrapment. At trial, the defendant was prohibited from cross-examining the undercover agent with regards to matters concerning credibility, bias and prejudice, all of which the appellate court found were crucial to the defense of entrapment. The appellate court determined that the trial court committed error in prohibiting the defendant from cross-examining and confronting the undercover agent, specifically stating as follows:
 "In a criminal case where the defendant raises the affirmative defense of entrapment, he has admitted the crime, so the only issue is a question of inducement, i.e., where did the idea to commit the crime originate? In order to determine what the inducement was, one must first determine the motives of the parties involved. A thorough cross-examination of [the undercover agent] would have enabled the jury to consider [his] underlying motive and better asses the competing versions of the truth."
I agree with the reasoning set forth by the court in Rapp,supra and believe that Evid.R. 611(B) should be given a broad interpretation and that cross-examination should be permitted on all relevant matters. In that appellant raised a defense of entrapment and the prosecuting attorney opened the door as to the confidential informant's past criminal "trouble", I find that the trial court abused its discretion in prohibiting defense counsel from cross-examining said informant further as to his criminal past in an effort to establish his motive for assisting police officials against appellant and his bias towards appellant.
Therefore, I would find appellant's second assignment of error to be with merit.
APPROVED:
 ______________________________ EDWARD A. COX, PRESIDING JUDGE